# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

In re:

HILLSBOROUGH HOLDINGS CORPORATION,

        Debtor.

Chapter 11

Case Nos. 8:89-bk-9715 through 8:89-bk-9746 and 8:90-bk-11997

(Jointly Administered)

JW ALUMINUM COMPANY,

        Debtor.

Case No. 8:89-bk-9718

JW ALUMINUM COMPANY,

        Plaintiff,

vs.

MICHAEL H. HOLLAND, MICHAEL MCKOWN, JOSEPH R. RESCHINI AND CARLO TARLEY, as Trustees of the UNITED MINE WORKERS OF AMERICA 1992 BENEFIT PLAN,

And

MICHAEL H. HOLLAND, MICHAEL MCKOWN, WILLIAM P. HOBGOOD, MARTY HUDSON, JOSEPH R. RESCHINI, CARL E. VANHORN, and GAIL R. WILENSKY, as Trustees of the UNITED MINE WORKERS OF AMERICA COMBINED BENEFIT FUND,

        Defendants.

Adversary Proceeding No. 8:17-ap-00480-MGW

**RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

The Trustees of the United Mine Workers of America 1992 Benefit Plan and the Trustees of the United Mine Workers of America Combined Benefit Fund (the "Trustees"), Defendants in this adversary proceeding, respectfully respond to Plaintiff's Notice of Supplemental Authority, filed on January 17, 2019 (ECF No. 37), and submit that the authority Plaintiff identifies mandates the dismissal of this adversary proceeding.

1. In *Walter Energy*, the United States Court of Appeals for the Eleventh Circuit held that a debtor's obligations to pay premiums under the Coal Industry Retiree Health Benefit Act of 1992 (the "Coal Act") are "retiree benefits" as defined in Bankruptcy Code section 1114(a). *United Mine Workers of America Combined Benefit Fund v. Toffel (In re Walter Energy, Inc.)*, 911 F.3d 1121, 1142 (11th Cir. 2018).[1] Section 1114 prescribes specific procedures a debtor must follow and substantive showings a debtor must make in order to modify or eliminate "retiree benefits." 11 U.S.C. §§ 1114(c)-(g). These include negotiating with an "authorized representative" and demonstrating that the modifications in question are "necessary to permit the reorganization of the debtor" and treat affected stakeholders "fairly and equitably." 11 U.S.C. § 1114(f)(1)(A).

2. Section 1114 became part of the Bankruptcy Code before Plaintiff's 1989 bankruptcy filing as part of the Retiree Benefits Bankruptcy Protection Act of 1988, and was available to Plaintiff and its co-debtors (including Walter Energy) throughout the pendency of those bankruptcy cases. *See* Retiree Benefits Bankruptcy Protection Act of 1988, Pub. L. No. 100-334, 102 Stat. 610 (1988). Neither Plaintiff nor its co-debtors moved to modify their Coal Act obligations (or any other obligations) pursuant to this provision. To the contrary, Plaintiff's

---

[1] The Trustees may file a petition for *writ of certiorari* to the United States Supreme Court seeking review of the Eleventh Circuit's decision, and this supplement is not intended to waive any rights in connection with such a petition.

chapter 11 plan expressly provided "for *the continuation after the Effective Date of payment of all Retiree Benefits* (as defined in section 1114(d) of the Bankruptcy Code) . . . ." *See* Order Confirming Amended Joint Plan of Reorganization (the "Confirmation Order") at 26-27, ¶ uu (Case No. 89-9715-8P1, ECF No. 17585) (emphasis added).

3. Plaintiff contends that its obligations under the Coal Act were discharged by virtue of the Confirmation Order, and seeks relief from the Trustees' action against it under Bankruptcy Code section 105(a).  Complaint at 13, 14 ¶¶ 49, 51 (ECF No. 1).  The language of section 1114 itself disposes of this argument, by providing clearly that a debtor must continue to comply with its retiree benefit obligations unless and until it has complied with the specific requirements outlined in the section.  11 U.S.C. § 1114(e)(1) ("Notwithstanding any other provision of this title, the debtor in possession . . . shall timely pay and shall not modify any retiree benefits, except" to the extent the specific requirements of section 1114 are satisfied.).

4. This is consistent with established principles of bankruptcy jurisprudence holding that, where the Bankruptcy Code prescribes specific treatment of an obligation, more general provisions are inapplicable.  Section 1114 addresses "a narrow, precise, and specific subject – the status of a company's obligation to pay retiree health care benefits when it petitions for Chapter 11 bankruptcy."  *Walter Energy*, 911 F.3d at 1150.  The Bankruptcy Code's discharge provisions are contrastingly general, and should not be read to override the specific requirements of section 1114.  *See*, *e.g.*, *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645 (2012) ("It is a commonplace of statutory construction that the specific governs the general.  That is particularly true where . . . Congress has enacted a comprehensive scheme and has deliberately targeted specific problems with specific solutions.") (citations and quotations

omitted).[2]

5.     Similarly, where the Bankruptcy Code imposes express requirements regarding the treatment of a particular obligation, other provisions of the Bankruptcy Code may not be used to circumvent those requirements. *See*, *e.g.*, *Law v. Siegel*, 571 U.S. 415, 421 (2014) ("It is hornbook law that § 105(a) does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code."); *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 236 (3d Cir. 2004) ("When the Bankruptcy Code provides a specified means for a debtor to obtain a specific form of equitable relief, those standards and procedures must be observed.") (citations omitted) (emphasis added); *In re Hall*, 373 B.R. 788, 797 n.5 (Bankr. S.D. Ga. 2006) ("[W]hatever equitable powers this Court may possess cannot alter an explicit provision of the Code.").[3]

6.     Thus, under the controlling law in this circuit, Plaintiff's Coal Act premium payment obligations – as "retiree benefits" under section 1114 – may *only* be modified in accordance with the requirements of that provision, and are not to be treated as "claims" eligible for discharge. Because Plaintiff did not avail itself of section 1114 during its bankruptcy, as Walter Energy ultimately did more than two decades later, it must continue to comply with these

---

[2] *See also id.* at 646 ("General language of a statutory provision, although broad enough to include it, will not be held to apply to a matter specifically dealt with in another part of the same enactment.") (quoting *D. Ginsberg & Sons, Inc. v. Popkin*, 285 U.S. 204, 208 (1932)). This argument assumes that the bankruptcy discharge provision, which applies to "debt," could be read to apply to Coal Act obligations in the first instance. 11 U.S.C. § 1141(d)(1)(A). For the reasons given in the Trustees' filings in this proceeding, a debtor's ongoing obligations to comply with the Coal Act do not constitute a single "debt" or "claim" that is subject to discharge.

[3] Courts have recognized the application of this principle specifically in the context of section 1114's companion provision governing the modification of collectively bargained obligations, section 1113. *See*, *e.g.*, *In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 989 (Bankr. S.D.N.Y. 1990) ("[O]ther provisions of the Bankruptcy Code are inoperable to the extent that they allow a debtor to bypass the requirements of § 1113.").

obligations.  The Trustees respectfully submit that this adversary proceeding should be dismissed on these grounds, in addition to the grounds articulated in the Trustees' filings before the issuance of the Eleventh Circuit's opinion in *Walter Energy*.

Dated: February 12, 2019

        Respectfully submitted,

        */s/ Stephanie C. Lieb*
        **TRENAM, KEMKER, SCHARF, BARKIN, FRYE, O'NEILL & MULLIS, P.A.**
        Stephanie C. Lieb
        Florida Bar No. 0031806
        slieb@trenam.com
        101 East Kennedy Boulevard, Suite 2700
        Tampa, Florida 33602
        Telephone: (813) 223-7474

        -and-

        **MOONEY, GREEN, SAINDON, MURPHY & WELCH, PC**
        Paul A. Green (admitted *pro hac vice*)
        pgreen@mooneygreen.com
        John R. Mooney (admitted *pro hac vice*)
        jmooney@mooneygreen.com
        1920 L Street NW, Suite 400
        Washington, DC 20036
        Telephone: (202) 783-0010

        -and-

        **MORGAN, LEWIS & BOCKIUS LLP**
        John C. Goodchild, III (admitted *pro hac vice*)
        john.goodchild@morganlewis.com
        Matthew C. Ziegler (admitted *pro hac vice*)
        matthew.ziegler@morganlewis.com
        1701 Market Street
        Philadelphia, Pennsylvania 19103
        Telephone: (212) 309-6000

        *Counsel to the Trustees of the United Mine Workers of America 1992 Benefit Plan and the United Mine Workers of America Combined Benefit Fund*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 12, 2019 a true and correct copy of the foregoing **RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY** was served through the Court's CM/ECF Noticing System to all registered CM/ECF participants.

*/s/ Stephanie C. Lieb*
Attorney
