# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| In re:<br><br>HILLSBOROUGH HOLDINGS CORPORATION,<br><br>    Debtor. | Chapter 11<br>Jointly Administered<br>Case No. 8:89-bk-9715<br>through 8:89-bk-9746<br>and 8:90-bk-11997 |
| In re:<br><br>JW ALUMINUM COMPANY,<br><br>    Debtor. | Case No. 8:89-bk-9718 |
| JW ALUMINUM COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL H. HOLLAND et al.,<br><br>    Defendants. | Adversary Proceeding<br><br>No. 8:17-ap-00480-KRM |

**PLAINTIFF JW ALUMINUM COMPANY'S REPLY**
**REGARDING NOTICE OF SUPPLEMENTAL AUTHORITY**

    JW Aluminum Company ("JWA") hereby submits this Reply to the UMWA Trustees' Response to Plaintiff's Notice of Supplemental Authority (Dkt. 38).

    1.    JWA's Notice of Supplemental Authority ("Notice") addressed two recent decisions: (1) *In re Walter Energy, Inc.*, 911 F.3d 1121 (11th Cir. 2018); and (2) *In re Westmoreland Coal Co.*, No. 18-35672, 2018 WL 6920227 (Bankr. S.D. Tex. Dec. 29, 2018), both of which reject the UMWA Trustees' argument in this case that the Anti-Injunction Act ("AIA"), 26 U.S.C. § 7421(a), barred this Court from discharging JWA's alleged Coal Act liabilities in its March 2, 1995 Confirmation Order. The UMWA Trustees do not dispute that the Eleventh

Circuit's binding decision in *Walter Energy* effectively disposes of their AIA argument,[1] and they ignore the *Westmoreland* decision.

2.   Rather, the UMWA Trustees rely on *Walter Energy* in support of a new, untimely, and meritless argument under Section 1114 of the Bankruptcy Code.  Noting that the Eleventh Circuit held in *Walter Energy* that the bankruptcy court in that case had effectively discharged the debtor's Coal Act obligations pursuant to Section 1114, the UMWA Trustees argue that Section 1114 represents the ***only*** means to obtain a discharge of Coal Act liabilities (Dkt. 38 at 4).  This argument was not raised by the UMWA Trustees in their briefing in support of their motion to dismiss (Dkt. 14) or in their opposition to JWA's motion for summary judgment (Dkt. 25).  It has therefore been waived.  *See Grasso v. Grasso*, 131 F. Supp. 3d 1303, 1309 (M.D. Fla. 2015) (argument not raised in initial motion or brief is waived).

3.   In addition to its untimeliness, the UMWA Trustees' new argument is meritless. The UMWA Trustees ignore a critical distinction between this case and *Walter Energy*, which renders Section 1114 inapplicable here.  Section 1114(a) defines "retiree benefits" as "payments to any entity or person for the purpose of providing or reimbursing payments for retired employees and their spouses and dependents, for medical, surgical, or hospital care benefits, or benefits in the event of sickness, accident, disability, or death under any plan, fund, or program (through the purchase of insurance or otherwise) maintained or established in whole or in part ***by the debtor prior to filing a petition*** commencing a case under [the Bankruptcy Code]." 11 U.S.C. § 1114(a) (emphasis added).  In short, Section 1114 applies only to "retiree benefits" that were already being paid "by the debtor" and "prior to filing" its bankruptcy petition.

---

[1] The UMWA Trustees state that they are considering whether to file a petition for writ of certiorari in the U.S. Supreme Court in *Walter Energy*. (Dkt. 38 at 2 n.1)

4. In *Walter Energy*, the Chapter 11 petition was filed on July 15, 2015. *In re Walter Energy, Inc.*, 542 B.R. 859, 866 (Bankr. N.D. Ala. 2015), *aff'd*, 911 F.3d 1121 (11th Cir. 2018). This is significant because the Coal Act was passed in October 1992, and the Act's obligations became fully effective on February 1, 1993. 26 U.S.C. §§ 9704(i), 9708, 9711, 9712(b)(2). It is undisputed that Walter Energy was satisfying Coal Act obligations at the time of the filing of its Chapter 11 petition. *See Walter Energy*, 911 F.3d at 1133 & n.18 (noting that, at the time of its bankruptcy, Walter Energy was maintaining an individual employer plan, was paying premiums to the Combined Fund, and had paid security to the 1992 Benefit Plan). Accordingly, Walter Energy appropriately sought termination of its Coal Act obligations under Section 1114 because those obligations were being "paid by the debtor" and "prior to the filing" of Walter Energy's Chapter 11 petition.

5. This case, however, involves a Chapter 11 petition that was filed on December 27, 1989 (Dkt. 20-2). Any retiree benefits that any of the debtors (including Walter Industries, Inc.) were paying prior to the December 27, 1989 petition date[2] could not have arisen under the Coal Act. **The Coal Act did not exist in 1989**. Moreover, JWA has never paid any Coal Act premiums. And because JWA has never been in the coal industry, it was not responsible for paying *any* retiree benefits to miners or their families prior to the December 27, 1989 filing of its petition in this case. As demonstrated in JWA's motion for summary judgment, JWA's alleged "related person" liabilities under the Coal Act arose no later than the Act's effective date: February 1, 1993 (Dkt.

---

[2] JWA and thirty-one affiliated debtors each filed individual Chapter 11 cases on December 27, 1989. An additional affiliate filed a Chapter 11 petition on December 3, 1990. The Plan and Confirmation Order at issue in the present proceedings were entered in each of the thirty-three separate bankruptcy proceedings.

3

19 at 10-15). Accordingly, JWA properly relied on the Court's March 1995 Confirmation Order to secure a discharge of all "debts" and "claims" based on alleged Coal Act liabilities.[3]

6.  In sum, the UMWA Trustees' Response is an untimely and unavailing attempt to distract the Court by highlighting a part of the Eleventh Circuit's analysis in *Walter Energy*—its discussion of Section 1114—that has no possible application in this case.

Respectfully submitted,

 */s/ Scott A. Stichter*
Scott A. Stichter (Fl. Bar No. 0710679)
STICHTER, RIEDEL, BLAIN & POSTLER, P.A.
110 E. Madison Street, Suite 200
Tampa, Florida 33602
Phone: (813) 229-0144
Fax: (813) 229-1811
Email: sstichter@srbp.com

and

Mark M. Maloney (Ga. Bar No. 468104)
Kevin J. O'Brien (Ga. Bar No. 714849)
Sarah L. Primrose (Fl. Bar No. 98742)
KING & SPALDING LLP
1180 Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 572-4600
Fax: (404) 572-5100
Email: mmaloney@kslaw.com
       kobrien@kslaw.com
       sprimrose@kslaw.com

*Attorneys for Plaintiff JW Aluminum Company*

---

[3] For the same reasons, the UMWA Trustees cannot rely on the Confirmation Order's provisions relating to the continuation of "Retiree Benefits." (Dkt. 38 at 2-3)  The Confirmation Order expressly incorporates Section 1114(a)'s definition of "retiree benefits." (Dkt. 20-10 at 27-28).  Thus, alleged Coal Act liabilities, which did not exist when JWA filed for bankruptcy, cannot be "retiree benefits" under Section 1114 or the Confirmation Order.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Supplemental Authority has been furnished on this 18th day of February, 2019, by the Court's CM/ECF system to all parties receiving electronic notice.

/s/ *Scott A. Stichter*
Scott A. Stichter (FBN 0710679)